FILED
07 OCT 19 PM 3:27
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MJJ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

C 07 5366

No. C            MJJ

Plaintiff,

**CASE MANAGEMENT CONFERENCE ORDER**

v.

Defendant.
_____/

IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-10, a Case Management Conference will be held in this case before the Honorable Martin J. Jenkins on **Tuesday,** 1-29-08 at 2:00 p.m. in Courtroom No.11, 19th floor Federal Building.

Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5. Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed below. Not less than ten days before the conference, counsel shall file a joint case management statement addressing each agenda item. Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure. Failure to show good cause for such failure may subject the parties to sanctions.

1  Each party shall be represented at the Case Management Conference by counsel prepared to
2  address all of the matters referred to in this Order, and with authority to enter stipulations and make
3  admissions pursuant to this Order.

4  Any request to reschedule the above dates should be made in writing, and by stipulation, if
5  possible, not less than ten days before the conference date. Good cause must be shown.

6  The parties should be prepared to address and resolve at the Case Management Conference
7  the following: setting the date and the estimated length of the trial; setting the date for discovery
8  cutoff; setting the date to designate experts and other witnesses; and setting the date for the pretrial
9  conference.

10  Other agenda matters which the Court will address at the Case Management Conference
11  include the following:

12  1.  Does the Court have subject matter jurisdiction over all of the plaintiffs' claim(s) and
13  defendants' counter-claim(s)? What is the basis of that jurisdiction? Are all the parties subject to the
14  Court's jurisdiction? Do any parties remain to be served?

15  2.  What are the factual and legal bases for plaintiff's claims and defendant's defenses?
16  Defendant's counter-claims and plaintiff's defenses to the counterclaims?

17  3.  What are the factual and legal issues genuinely in dispute?

18  4.  What are the issues that can be narrowed by agreement or by motions? Are there
19  dispositive or partially dispositive issues appropriate for decision on motion? *Date by which motion toward must be filed.*

20  5.  What are the motions anticipated by the parties?

21  6.  What relief does plaintiff seek? What is the amount of damages sought by plaintiff's
22  claim(s)? What is the amount of damages sought by defendant's counterclaim(s)? How are the
23  damages computed?

24  7. What discovery does each party intend to pursue? Can discovery be limited in any
25  manner? Are there any alternative methods available to obtain the necessary information? Should a
26  discovery order and conference be entered pursuant to Fed.R.Civ.P 26(f)?

27  8.  Is this case suitable for reference to a binding arbitration, to a Special Master, or to a
28  Magistrate Judge for trial? Is the case suitable for reference to the Judicial Panel on Multidistrict

2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHER DISTRICT OF CALIFORNIA

**NOTICE TO ALL PRO SE PARTIES**

**ORDER RE: CHANGE OF ADDRESS**

    As pro se parties are not represented by counsel, the Court is dependent upon the parties to keep the court informed of their whereabouts and address changes. However, it has come to the attention of the Court that pro se parties frequently fail to notify the Court when they move or otherwise change their mailing address. As a result, the Court is often forced to expend substantial time and resources in efforts to locate and keep track of pro se parties.

    Therefore, the pro se plaintiff in this action is instructed at all times to keep the Court and opposing parties advised as to his or her current address. The pro se plaintiff is hereby notified that if mail directed to said party by the clerk is returned by the Post Office, and if said party fails to notify the Court and opposing parties within 60 days thereafter of his or her current address, the court may dismiss this action without prejudice for failure to prosecute.

Dated: December 29, 1997

                                                           THE HONORABLE MARTIN J. JENKINS
                                                            UNITED STATES DISTRICT COURT

### STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.  Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.  Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.  Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.  Motions: All prior and pending motions, their current status, and any anticipated motions.

5.  Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.  Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.  Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.  Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.  Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.  Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.  Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.  Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.  Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.  Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.  Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.  Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.  Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.**

20.  Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.